IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **JAMES TODD ARNOLD** and **KAYLA GASTON**<br>    *Plaintiffs*<br><br>VS.<br><br>**AHMED ISMAIL OSMAN** and **AAS LOGISTICS LLC**<br>    *Defendants* | §§§§§§§§§§ CIVIL ACTION NO. 2:25-cv-924 |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, **JAMES TODD ARNOLD and KAYLA GASTON**, and files this Plaintiffs' Original Complaint and Jury Demand against **AHMED ISMAIL OSMAN** (hereinafter referred to by name or as "Defendant Osman") and **AAS LOGISTICS LLC** (hereinafter referred to by name or as "Defendant AAS"), and for causes of action would respectfully show as follows:

### PARTIES

1. Plaintiff, **JAMES TODD ARNOLD**, is a resident of Harrison County, Texas.

2. Plaintiff, **KAYLA GASTON**, is a resident of Harrison County, Texas.

3. Defendant, **AHMED ISMAIL OSMAN**, is an individual who is a resident of Bloomington, Minnesota and may be served with process by delivering summons and original complaint to Defendant at his residence located at **1916 E. 86th Street, Apt. B122, Bloomington, MN 55425.**

4. Defendant, **AAS LOGISTICS LLC**, is a foreign limited liability company established under the laws of the State of Minnesota with its principal place of business located at 3320 3rd St.

N., Suite 126, Saint Cloud, MN 56303. Defendant AAS Logistics LLC is an interstate commerce trucking company that operates under USDOT # 3251769.  Defendant AAS has filed a BOC-3 Process Agent Listing with the Federal Motor Carrier Safety Administration designating a blanket company, Transportation Authority, LLC to designate an agent for service of process in each state that it operates.  Accordingly, Defendant, AAS Logistics LLC may be served with process by serving the summons and a copy of Plaintiffs' Original Complaint and Jury Demand on its designated agent for service in Texas:  **Registered Agent Solutions, Inc., 5301 Southwest Parkway, Suite 400, Austin, TX 78735.**

## STATEMENT OF JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in this Court.

6. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as there is diversity of citizenship among the parties, in that Defendants are now and were at the time the action was commenced diverse in citizenship from the Plaintiffs.  Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

7. Venue in this Court is proper under 28 U.S.C. §1391 (b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

## FACTUAL BACKGROUND

8. On or about July 30, 2025, at approximately 2:37 p.m., on US Hwy 59 at or near 3700 S. East End Blvd., in Marshall, Harrison County, Texas, James Todd Arnold was operating his vehicle in a reasonable and prudent manner, exercising care for his safety and the safety of others, including his passengers, Kayla Gaston (Plaintiff) and Joshua Gaston, when Defendant Osman who was operating a tractor-trailer (18-wheeler) under USDOT # 3251769 for AAS Logistics LLC, turned right from the left hand lane in front of him to turn into a private driveway requiring

Plaintiff Arnold to take evasive action to avoid colliding with the tractor-trailer and resulting in Plaintiff veering off of the roadway and into the ditch causing injuries and damages to Plaintiffs which were proximately caused by the Defendants' negligence. Defendant Osman's negligence and negligence *per se* were the proximate cause of this crash, the Plaintiffs' injuries and property damage.

9. After completing the investigation of this collision, the investigating officer determined that Defendant Osman made an unsafe turn.



After making the unsafe and illegal turn into the private drive of H & W Honda, Defendant did not stop and proceeded around the building and into the shop area.

## CLAIMS OF NEGLIGENCE AND/OR
## NEGLIGENCE *PER SE* AGAINST AHMED ISMAIL OSMAN

10. Defendant Osman had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein. Defendant Osman's negligent, careless and reckless disregard of said duty is the proximate cause of this collision, Plaintiffs' injuries and damages. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to keep such distance away from Plaintiffs' vehicle as a person using ordinary prudent care would have done;

   C. In that Defendant failed to turn in a safe manner in violation of Texas Transportation Code §545.157 which states: An operator may not turn the vehicle to enter a private road or driveway, otherwise turn the vehicle from a direct course, or move right or left on a roadway unless movement can be made safely.

   D. In that Defendant failed to comply with federal and state laws and regulations, including but not limited to 49 C.F.R. 300-399 and Texas Transportation Code, which constituted negligence *per se*, or in the alternative, set forth a standard of care for Defendant.

## CLAIMS OF JOINT VENTURE, NEGLIGENT ENTRUSTMENT, NEGLIGENT
## HIRING, TRAINING & SUPERVISION AGAINST AAS LOGISTICS LLC

11. On July 30, 2025, Defendant AAS Logistics LLC was the owner and/or lessor of the tractor and/or trailer being operated by Defendant Osman. The tractor and trailer were operating under the USDOT number for AAS Logistics LLC, who is who is the lessee and/or owner of the subject tractor/trailer and/or the statutory the employer of Defendant Osman.

12. Furthermore, Defendant Osman was in the course and scope of his employment with Defendant AAS Logistics LLC and in the furtherance of the business interests and pursuits of

Defendant AAS Logistics LLC. Defendants Osman and AAS are in a joint venture, share a community of interest, have an agreement to share in the profits, and have mutual right of control.

13. Defendant AAS Logistics LLC directed, supervised, and instructed Defendant Osman in the course and scope of their employment with AAS and knew, or through the exercise of reasonable care should have known, that Defendant Osman was a reckless and incompetent driver.

14. Defendant AAS Logistics LLC had a duty to ensure that Defendant Osman was skilled and capable of operating its truck and trailer in a safe manner and without causing a collision or endangering the safety of others on the roadway.

15. Defendant AAS Logistics LLC, as owner, lessee, and/or sublessee of the truck operated by Defendant Osman had exclusive possession, control and use of the truck and therefore shall assume complete responsibility for the operation of the truck during the duration of the lease. *See* 49 CFR §376.12. Defendant AAS entrusted the operation of the truck to Defendant Osman and at the time Defendant Osman was operating the truck he was an employee of Defendant AAS, or alternatively, an independent contractor of Defendant AAS.

16. Defendant AAS Logistics LLC directed its statutory employee, Defendant Osman, to use the commercial motor vehicle in question for the purpose of operating it on the public streets and highways of Texas and, therefore, Defendant Osman operated said commercial motor vehicle with the knowledge, consent and permission of Defendant AAS.

17. Defendant AAS Logistics LLC had a duty as motor carrier operating under a US DOT number in the practice of interstate commerce to know and comply with the Federal Motor Carrier Safety Regulations as well as state and local traffic laws. Defendant AAS knew, or through the exercise of reasonable care should have known, that Defendant Tramble was a reckless and incompetent driver. Defendant AAS failed to use ordinary care, meaning that degree of care that

a company of ordinary prudence would use under the same or similar circumstances. These acts and/or omission as described herein constitute negligence and negligence *per se* and are the proximate cause of this collision and Plaintiffs' injuries and damages.

## CLAIMS OF RESPONDEAT SUPERIOR

18. Whenever in this complaint it is alleged that Defendants, Ahmed Ismail Osman and/or AAS Logistics LLC did or failed to do any particular act and/or omission, it is meant that these Defendants, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency or contract with Defendants, and in furtherance of Defendants' business.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Osman was within the course and scope of employment for Defendant AAS Logistics LLC, or alternatively, were engaged in a joint venture.

20. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Osman was engaged in the furtherance of Defendant AAS Logistics LLC's businesses.

21. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Osman was engaged in accomplishing a task for which he was employed.

22. Plaintiffs invoke the doctrine of *Respondeat Superior* against Defendant AAS Logistics LLC. Therefore, under the doctrine of *Respondeat Superior*, Defendant AAS is vicariously liable for the acts and omissions of their agents, officers, directors, servants, and employees in the course and scope of their employment, including Ahmed Ismail Osman, as further outlined elsewhere in this complaint and incorporated by reference here fully.

## DAMAGES

23. The negligent, careless and reckless acts and/or omissions of Defendants Osman and AAS proximately caused Plaintiffs' personal injuries and damages. Consequently, Plaintiffs are entitled to recover compensatory damages in an amount that exceeds the jurisdictional minimum of this court for each of the following elements of damage:

   A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiffs for the necessary care and treatment of their injuries resulting from the crash complained of herein and such charges are reasonable and were usual and customary charges for such services in Harrison County, Texas and contiguous counties thereto;

   B. Reasonable and necessary medical care and expenses, which in all reasonable probability, will be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Physical impairment in the past;

   F. Physical impairment, which, in all reasonable probability, will be suffered in the future;

   G. Loss of earning in the past;

   H. Loss of earning capacity, which in all probability, will be incurred in the future;

   I. Mental anguish in the past;

   J. Mental anguish in the future;

   K. Cost of medical monitoring and prevention in the future;

   L. Loss of household services in the past and in all reasonable probability will be incurred in the future;

   M. Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    N.    Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    O.    Loss of the fair market value of James Todd Arnold's 2003 Dodge Ram 1500 truck or in the event it is deemed repairable, the reasonable cost of such repairs as are necessary to restore the vehicle to its condition immediately before the collision;

    P.    Loss of use of James Todd Arnold's vehicle since the date of the collision until such time as the vehicle is repaired or restored; and

    Q.    Pre-judgment and post-judgment interest at the highest rates allowed by law.

## DEMAND FOR JURY

24. Plaintiffs have made a demand for a trial by jury as afforded by the United States Constitution and have tendered the requisite fee to the clerk with the filing of Plaintiff's Original Complaint.

## PRAYER

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer and that on final trial Plaintiffs have and recover:

    A.    Judgment against Defendants, for compensatory damages, including in an amount that exceeds the minimum jurisdictional limits of the Court more fully set forth above;

    B.    Prejudgment and post-judgment interest as provided by law;

    C.    Costs of suit; and

    D.    Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**Josh B. Maness**
State Bar No. 24046340
**MANESS LAW FIRM, PLLC**
480 W. Texas Avenue
Waskom, Texas 75692
Tel.: (903) 407-8455
Fax: (877) 320-5751
E-mail: josh@joshmaness.com

ATTORNEY FOR PLAINTIFFS